## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICKIE JOE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-CV-61-SNLJ |
| | ) | |
| AMANDA OESCH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Rickie Joe Kelly for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Complaint

On May 9, 2022, self-represented plaintiff Rickie Joe Kelly filed a seventeen-page document titled, "Complaint for Breach of Contract Times Two." ECF No. 1. Attached to the complaint are various documents related to his April 1996 guilty plea and conviction for statutory rape in the second degree, a medical record from 2022 indicating he was homeless, and a rejection letter from the Housing Authority of the City of Sikeston. His complete filing is approximately seventy-four (74) pages.

Plaintiff brings this action against Scott County Prosecutor "Amanda Oech in her individual capacity." ECF No. 1 at 1. *See also* ECF No. 1-10. He appears to be bringing this action against Oech because his "original prosecutor," Christy Baker Neel, is deceased. Plaintiff's

1

allegations are difficult to decipher due the formatting and organization of his complaint, however, he seems to take issue with the plea agreement he entered into on April 18, 1996. He asserts he "thought [] the agreement [was] to drop one charge of 2nd degree statutory rape and plea[d] guilty to one charge of statutory rape 2nd." *Id.* at 2. He alleges prosecutorial misconduct because his record still appears to show three counts of statutory rape. *Id.* at 6. Plaintiff asks, "that any and all information about sex registry and the case of statutory rape 2nd degree be voided and stricken in every way." *Id.* at 16-17. He also seeks $500,000 in monetary damages.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff indicates he is bringing the instant action against Defendant Oech in her individual capacity only. Because plaintiff and defendant are both citizens of the State of Missouri, *see* ECF No. 1 at 1-2, and a breach of contract claim does not arise under the Constitution, laws, or treaties of the United States, the Court liberally construes the instant complaint as a cause of action brought under 42 U.S.C. § 1983.

Prosecutors, however, are immune from 42 U.S.C. § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*. "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a

criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth*, 891 F.3d at 1089 (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Here, even with plaintiff's conclusory style of pleading, it appears the prosecutor involved in his underlying criminal case was acting as an advocate for the state in preparing a plea agreement. Plaintiff presents no facts alleging that the named defendant or the original prosecutor in his case was acting in an investigatory or administrative capacity. Preparing a plea agreement is an action intimately associated with the judicial phase of the criminal process. *See e.g.*, *Winters v. Palumbo*, 512 F. Supp. 7, 10 (E.D. Mo. 1980) (a prosecutor's role in the plea-bargaining process is subject to absolute immunity). That is to say, the prosecutor's role in preparing a plea agreement or discussing the agreement with the criminal defendant was part of the official prosecutorial duties, and were undertaken as an advocate for the State of Missouri in a criminal case. Therefore, defendant prosecutor Amanda Oech and his "original prosecutor" Christy

4

Baker Neel are absolutely immune from suit.

Even if immunity was not available, plaintiff has not stated a claim against defendant Oech because he has not established personal responsibility in a constitutional violation. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff presents a legal conclusion of prosecutorial misconduct. He appears to assert that his plea agreement should have relieved him from the requirement to register as a sex offender and promised to dismiss a second degree statutory rape charge. These assertions, however, are not supported or explained by any factual allegations. More to the point, plaintiff has not established what defendant did or did not do in violation of the constitution. Notably, plaintiff alleges his original prosecutor, Christy Baker Neel, is deceased. He does not allege that defendant Oech played any role in his April 1996 prosecution, conviction, or sentencing. In short, plaintiff has not established any causal links, or has he shown direct responsibility on the part of defendant Oech. Moreover, a breach of contract claim is not a violation of a constitutional right. *See e.g., Buhrman v. Wilkinson*, 257 F.Supp.2d 1110, 1119 (S.D. Ohio 2003) (dismissing § 1983 claim based on an alleged breach of plea agreement by prosecutors). Thus, regardless of immunity, plaintiff has failed to state a 42 U.S.C. § 1983 claim against defendant Oech because he has not

established a causal connection between her and a violation of his constitutional rights.

Lastly, to the extent plaintiff seeks an expungement of or change to his criminal record, this cannot be done pursuant to a § 1983 suit. A plaintiff may not maintain a § 1983 action in situations where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994)). In other words, this Court may not "void and strike" "any and all information about sex registry and the case of statutory rape 2nd degree."

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of June, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6